**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**HASSEN N. AHMEDIN,**

                **Petitioner,**

      **v.**                                **CASE NO. 18-3033-SAC**

**JOEL HRABE, Warden,**

                **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se, and the Court grants leave to proceed in forma pauperis.

**Screening**

Rule 4 requires the Court to review habeas corpus petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief…." Rule 4 of the Rules Governing Section 2254 Cases. This provision allows the Court to consider the timeliness of a petition sua sponte if untimeliness is "clear from the face of the petition." *Kilgore v. Att'y Gen. of Colo.*, 519 F.3d 1084, 1085 (10th Cir. 2008); *Day v. McDonough*, 547 U.S. 198, 209 (2006)(district court may consider timeliness of state habeas petitioner's application sua sponte but is not required to do so).

**Background**

Petitioner was convicted in the District Court of Seward County, Kansas in 2010. The Kansas Court of Appeals (KCOA) affirmed the conviction on May 18, 2012, and the Kansas Supreme Court (KSC) denied review on May 20, 2013. *State v. Ahmedin*, 276 P.3d 383 (Table)

(Kan.App. May 18, 2012), *rev. denied*, May 20, 2013.

On May 5, 2014, petitioner filed a motion for post-conviction relief under K.S.A. 60-1507. The state district court denied relief on October 4, 2014, and the petitioner filed a notice of appeal on October 27, 2014.[1]

The KCOA denied relief on May 13, 2016, and the KSC denied review on June 29, 2017. *Ahmedin v. State*, 376 P.3d 93 (Table)(Kan.App. May 13, 2016), *rev. denied*, June 29, 2017.

Petitioner submitted this federal petition on February 14, 2018.

## Limitation period

This matter is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). Under the AEDPA, a habeas corpus action filed by a person in state custody must be brought within one year from the latest of the following dates:

(A)   The date on which the judgement became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

(C)   The date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or

(D)   The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

---

[1] The Court takes note of these dates as set forth in appellee's brief in the petitioner's appeal. *See Ahmedin v. Kansas*, 2016 WL 355874 (Kan.App.)(Appellate Brief). The relevant pages of that document are attached.

The one-year limitation period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

The limitation period under AEDPA also is "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Such tolling is available only if the petitioner establishes that he diligently pursued his rights and that some extraordinary circumstance prevented him from timely filing the petition. *Holland*, 560 U.S. at 649. Whether equitable tolling is appropriate in a particular case is a fact-intensive inquiry that depends on the totality of the circumstances in the case. *Id.* at 649-50. Accordingly, a petitioner seeking such tolling must "show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008).

Here, petitioner's conviction became final on August 19, 2013, when the 90-day period for seeking review in the United States Supreme Court expired. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001)(a conviction becomes final for habeas purposes when the time for filing a petition for a writ of certiorari in the United States Supreme Court ends). The limitation period began to run and was tolled 259 days later, on May 5, 2014, when petitioner filed a motion under K.S.A. 60-1507.

The limitation period remained tolled until the KSC denied review in the post-conviction action on June 29, 2017. The limitation period

began to run again on June 30, 2017, and expired 106 days later, on October 13, 2017, approximately four months before petitioner filed this action.

Therefore, the petition was not timely filed, and this matter must be dismissed unless petitioner is entitled to equitable tolling. Petitioner presents several arguments in support of equitable tolling, namely, that English is not his native language, that he is not represented and had no explanation of the time limit for filing habeas corpus, and that his legal paperwork was lost when he was transferred between Kansas correctional facilities (Doc. #3). The Tenth Circuit has rejected arguments for equitable tolling arising from a prisoner's lack of proficiency in English and from ignorance of the law. *See Yang*, 525 F.3d at 929-30 (discussing Circuit precedent where prisoner claimed he did not receive assistance from counsel concerning habeas application and did not speak English) and *Perez v. Dowling*, 634 Fed.Appx. 639, 645 (10th Cir. 2015)(prisoner's lack of awareness of tolling under AEDPA, inability to speak English, and alleged ineffective assistance of counsel were insufficient to support equitable tolling).

The Court has considered petitioner's claim that he was not able to timely file his petition due to the loss of his paperwork incident to his transfer from the El Dorado Correctional Facility, a transfer that occurred on June 13, 2017. Because petitioner has not explained what, if any, efforts he made to secure the documents in the three months before the limitation period ended, the Court will direct him

to explain what steps, if any, he took to locate the lost paperwork, and to present his claims in a timely manner. Petitioner must provide a specific, detailed statement to support his request for equitable tolling. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), *cert. denied*, 525 U.S. 891 (1998)(denial of equitable tolling because petitioner "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims.").

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. #4) is granted.

IT IS FURTHER ORDERED petitioner shall show cause on or before June 8, 2018, why this matter should not be dismissed.

**IT IS SO ORDERED.**

DATED:  This 8th day of May, 2018, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge